Hon. Stephen L. Oppenheim Town Attorney, Mamakating
This is in reply to your letter of May 23, 1979 in which you seek this office's opinion as to a zoning question which you state to be as follows: "The Town Board desires to approve development of the subdivision leased on the 1973 maps. How may it do so?" You further state, "A week following the approval and filing of the maps, the Town adopted for the first time a zoning ordinance, there having been a Planning Board with subdivision approval at the time the maps were approved and filed. The approved maps call for lots on 12,000 square feet. The zoning ordinance requires that the lots in that district be 15,000 square feet".
The Town Board enacted into law the Zoning Ordinance for the Town of Mamakating in 1973 pursuant to the authority delegated to it under the provisions of section 261 of the Town Law of the State of New York. The land use maps and schedules are a necessary part of said Zoning Ordinance and represent the current law as to land use in your town. The parcel of property in question, even though previously approved by the Town Planning Board for lots of 12,000 square feet, obviously does not conform to the area requirements of the Zoning Ordinance. The owners of subject property have options with respect to seeking relief from the nonconformity. You state that the current owners of the property "now propose to proceed with the subdivision". It must be concluded that the current owners, to this date, have made no formal application to any town officer or administrative body.
It is the opinion of this office that the Town Board, Town Zoning Board of Appeals, Town Planning Board, and Town Building Inspector should await the formal application of the current owners of subject property and make no premature determinations as to increasing the volume of area use with respect to this single parcel of land. By adopting the Zoning Ordinance and imposing the 15,000 square foot per lot area requirement, other property owners in the town, aside from the owners of subject parcel have an interest in any amendments to the Zoning Ordinance or any variance. Affected property owners enjoy the rights to full impartial hearings and judicial review (see sections 264, 265 Town Law of the State of New York).
The current owners of subject parcel may determine to apply for building permits, claiming change of position resulting in vested interests or practical difficulties. Such an action could result in the Town Zoning Board of Appeals conducting a hearing on an area variance application or other form of relief with notice to all affected property owners (see section 267 Town Law, section 25 of McQuillin on Municipal Corporations).
In the alternative the owners of subject parcel may make direct application to the Town Board and Planning Board for amendment of the Zoning Ordinance and once again hearings would be conducted on due notice to all affected property owners, all pursuant to the procedural provisions of the Town Zoning Ordinance and Town Law.
The current owners may determine, after review of all of the facts, to proceed in conformity with the area requirements presently in effect. The most important consideration is to retain full impartiality and meet all administrative duties imposed by both the Town Zoning Ordinance and Town Law upon receipt of the formal application of subject property owner.